IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAWRENCE RAY GRANT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0064 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On March 18, 2013, petitioner LAWRENCE RAY GRANT filed two (2) federal habeas

petitions in the United States District Court for the Northern District of Texas, Wichita Falls

Division, challenging separate convictions out of the 108th Judicial District Court of Potter County,

Texas.  In Cause No. 7:13-CV-023, petitioner challenged his 2003 deferred adjudication for the

offense of theft and the 2005 revocation of that deferred adjudication probation, and imposition of a

10-year sentence.  *See State v. Grant*, No. 47,139-E.  In Cause No. 7:13-CV-024, petitioner

challenged his 2003 deferred adjudication for the offense of failing to register as a sex offender and

the 2005 revocation of that deferred adjudication probation, and imposition of a 25-year sentence.[1]

*See State v. Grant*, No. 47,781-E.  On March 20, 2014, these two Wichita Falls federal cases were

---

[1]Petitioner was convicted in 1984 of sexual assault of a child in Gray County, Texas, and received a 15-year sentence.
*See State v. Grant*, No. 3699.

consolidated and the consolidated case was transferred to this Court.  For the reasons set forth

below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal

application for habeas corpus relief is successive and should be DISMISSED.

## I.
## PROCEDURAL HISTORY IN THE FEDERAL COURTS

On February 29, 2008, petitioner filed a habeas corpus petition in this Court challenging

these same two convictions and sentences.  *See Grant v. Quarterman*, No. 2:08-CV-0035.  On April

15, 2008, this Court dismissed the petition as time barred.  Petitioner did not appeal the dismissal.

Petitioner does not reference Cause No. 2:08-CV-0035 in his current habeas petition.

On October 13, 2009, petitioner filed a habeas corpus petition in the Wichita Falls Division,

again challenging these same convictions and sentences.  *See Grant v. Thaler*, No. 7:09-CV-0163.

On April 1, 2010, that Court dismissed the petition as time barred.  Petitioner does not reference

Cause No. 7:09-CV-0163 in his current habeas petition.

In the present habeas application now before the Court, petitioner again challenges his 2005

convictions and sentences for theft and failure to register as a sex offender, arguing he was denied

effective assistance of trial counsel during the state proceedings, that his sentences are void, that an

enhancement alleged in the indictments was illegal, and that the indictments themselves were

defective.  Petitioner requests his sex offender designation be removed from his files so he does not

have to register as a sex offender, and that he be released for time served as he has served nine years

of the 10-year probationary period imposed when he was granted deferred adjudication in each of

the underlying cases.

II.
PERMISSION TO FILE THE INSTANT PETITION

Title 28 U.S.C. section 2244(b)(3)(A) provides that **before** a second or successive

application permitted by section 2244(b)(2) is **filed** in the district court, "the applicant shall move in

the appropriate court of appeals for an order authorizing the district court to consider the

application."  Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court for

the consideration of second or successive applications in the district courts.  *Felker v. Turpin*, 518

U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  It "transfers from the district court to the

court of appeals a screening function which would previously have been performed by the district

court."  *Id.*

Permission may be obtained only by filing, with the appropriate federal appellate court, a

motion for authorization to file a successive habeas petition with the district court.  *In re Epps*, 127

F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate

court).  The federal court of appeals may authorize the filing of a second or successive application

for habeas relief only if it determines the application makes a prima facie showing that the

application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

Section 2244(b)(2) permits a district court to consider a claim presented in a second or

successive habeas application[2] that was not presented in a prior application only if the claim (1)

"relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could

---

[1]  Title 2244(b) does not define what constitutes a "second or successive habeas corpus application."  Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of tampering with an identification number, cause number 31-337-E, out of Potter County, Texas.

not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

None of the issues raised in the current pleadings involve issues excusing petitioner's untimely filing of his original petition or present other issues he was unable to present in his first federal habeas corpus petition if he were not time barred. There is no new rule of constitutional law making his challenge timely or making his present claims any more viable than they would have been had they been presented in petitioner's first federal habeas corpus petition. Therefore, even if this Court had jurisdiction to review the petition, it would again be dismissed as time barred. *See* 28 U.S.C. § 2244(b)(2).

Regardless, this Court is bound by the requirements of 28 U.S.C. § 2244(b)(3) and cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing such consideration. Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus petition. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition, this Court has no authority to consider his request for relief.

Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner LAWRENCE RAY GRANT be DISMISSED.[3]


IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1ˢᵗ day of April 2014.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event
parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14)
days from the date of filing as indicated by the "entered" date directly above the signature line. Service
is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ.
P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this
recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.
72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and
Recommendation." Objecting parties shall file the written objections with the United States District

---

[3]Dismissal is appropriate rather than transferring the case to the Court of Appeals. Transferring the case would only
involve the expenditure of additional judicial resources on a case as to which the underlying claims have twice been dismissed as
time barred.

Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).